1
2
3
4
5
6
7

8

9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

10

11  JOHN L. RUSH,

12                    Plaintiff,

13          v.

14  CAROLYN W. COLVIN, Acting
    Commissioner of the Social Security
15  Administration,

16                    Defendant.

CASE NO. 3:16-cv-05247 JRC

ORDER ON PLAINTIFF'S
COMPLAINT

17

18       This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

19  Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

20  Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

21  Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 12, 13, 14).

22       After considering and reviewing the record, the Court concludes that the ALJ

23  erred when failing to credit fully the medical opinions of examining doctor, Dr.

24

Heilbrunn. Dr. Heilbrunn's opinions are supported by his examination of plaintiff and the ALJ has not explained why his opinions should be rejected in favor of non-examining doctors' opinions. Even if the ALJ's failure to credit fully plaintiff's allegations and testimony was to be upheld by this Court, Dr. Heilbrunn explicitly relied on his examination findings, and there is no evidence that he more heavily relied on plaintiff's subjective complaints.

In addition, the Court concludes that no useful purpose would be served by remanding this matter to the Administration for further administrative proceedings. Plaintiff's applications discussed herein have been pending for over six years; two different ALJs have had the opportunity to provide a valid reason to reject the medical opinions of Dr. Heilbrunn and have failed to do so; Dr. Heilbrunn's examination results fully support Dr. Heilbrunn's opinions regarding plaintiff's limitations; and, vocational expert testimony demonstrates that adoption of Dr. Heilbrunn's opinions would result in a determination that plaintiff is not capable of productive work.

Therefore, this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner, and plaintiff should be found disabled and awarded benefits as of June 10, 2010, the date of Dr. Heilbrunn's examination and opinion.

//

//

//

//

BACKGROUND

Plaintiff, JOHN L. RUSH, was born in 1965 and was 44 years old on the alleged date of disability onset of March 19, 2010 (*see* AR. 134-37, 138-41). Plaintiff graduated from high school and obtained a 2-year associate's degree (AR. 598).

Plaintiff has work history as a log truck driver and school bus mechanic (AR. 172-83). As summarized by one doctor, plaintiff worked "his whole life until he became functionally limited because of his back injury" (AR. 395). This report is demonstrated to be accurate by his certified earnings records, beginning when he was sixteen and continuing uninterrupted through two back surgeries (2001 and 2005) until 2010 (*see* AR. 142-43; *see also* AR. 144-151). He was unable to continue driving the logging truck in March, 2010 because of worsening pain (AR. 392). Plaintiff tried to go back to work for approximately two months in August and September of 2010, but was unsuccessful (AR. 598). Plaintiff again attempted work, reporting on November 22, 2010 that he was starting an apprentice position the next day, however, a week later, he reported being in a lot of pain (10/10), which ended this second work attempt (AR. 379, 381). He testified that he "did not want to quit work" (AR. 597).

According to the ALJ, plaintiff has at least the severe impairments of "degenerative disc disease of the lumbar spine, obesity, bilateral knee osteoarthritis, and opiate dependence (20 CFR 404.1520(c) and 416.920(c))" (AR. 559).

At the time of the last hearing, plaintiff was living with his wife in a fifth wheel trailer on his grandmother's property (AR. 583-85).

//

PROCEDURAL HISTORY

Plaintiff's applications for disability insurance benefits ("DIB") pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 78-81, 92-96). Following a hearing, an unfavorable decision and a stipulated remand from this Court (*see* AR. 8-29, 46-77, 673), plaintiff's second hearing was held before Administrative Law Judge Michael Gilbert ("the ALJ") on September 18, 2014 (*see* AR. 578-629). On June 26, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 553-77).

In plaintiff's Opening Brief, plaintiff raises the following issues: (1) Whether or not the ALJ provided legitimate reasons for rejecting the key limitation identified by examining physician, Dr. Heilbrunn; (2) Whether or not the ALJ's Step 3 denial was correct; (3) Whether or not the ALJ provided clear and convincing reasons for finding that plaintiff's testimony was not credible; and (4) Whether or not this case should be remanded for payment of benefits, rather than further administrative proceedings (*see* Dkt. 12, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

(1) **Whether or not the ALJ provided legitimate reasons for rejecting the key limitation identified by examining physician, Dr. Heilbrunn[1].**

Plaintiff contends that the ALJ erred by failing to provide specific and legitimate reasons for failing to credit the opinions by Dr. Heilbrunn, which, when credited, according to vocational testimony, render plaintiff unable to engage in competitive employment (*see* Dkt. 12, p. 4; *see also* AR. 75,623). Plaintiff also points out that this matter previously was before this Court and was reversed and remanded to the Administration for further consideration (*id.*). Regarding Dr. Heilbrunn's opinion, plaintiff points out that the ALJ assigned to this matter following remand "was reminded of [] vocational evidence and Dr. Heilbrunn's specific limitations by the Appeals Council when it implemented the March 5, 2014 Court Order" (*id.*). As quoted by plaintiff, from the Appeals Council:

> The Administrative Law Judge considered the medical opinion of Mark Heilbrunn, M.D., who performed a consultative examination of the claimant in June 2010 (internal citation to AR. 310-315). Dr. Heilbrunn indicated that the claimant could sit for at least 10 minutes for a total of four hours per day and stand/walk in 15-20 minute increments for total of 3-4 hours per day (internal citation to AR. 314-315). The Administrative Law Judge did not reject the sitting limitation or adequately address the sit/stand option. While the decision noted that the

---

[1] The Court first notes that plaintiff is correct that defendant "failed to follow the Scheduling Order, which required 'beginning on page 1, defendant shall indicate whether each error raised in the opening brief is disputed or undisputed'" (Dkt. 14, p. 1 (quoting Dkt. 11, p. 2). As noted by plaintiff, instead, defendant "re-stated and re-ordered the issues [plaintiff] raised" (*id.* (citing Dkt. 13, p. 2)). This makes the Court's job more difficult.

> vocational expert addressed a sit/stand option every 30 minutes (internal citation to AR. 25, 72), vocational expert later stated that an individual who could sit for four hours a day, changing positions every 20 minutes, and stand for 10 to 15 minutes at a time for total of 3 to 4 hours would be significantly impaired in the ability to work productively (internal citation to AR. 75-76).

(*id*. (quoting AR. 684)). Despite the fact that this specific medical opinion and limitations were brought to the attention of the ALJ assigned to this matter following remand, as noted by plaintiff, "[r]ather than adopting the sit/stand limitations identified by Dr. Heilbrunn, or providing a valid reason to reject them, the ALJ sidestepped them" (*id*. (quoting AR. 567-68)).

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Plaintiff argues that, again, Dr.Heilbrunn's opinions were not rejected properly. Plaintiff's argument is persuasive.

Dr. Heilbrunn noted that plaintiff had a history of L4-5 discectomy in July, 2001 and after developing increasing post-op lumbar pain, underwent a second surgery, a L4-5 and S1 fusion, in February 2005 (AR. 310). Dr. Heilbrunn examined plaintiff, and based on his examination, provided a number of opinions regarding specific limitations experienced by plaintiff (*see* AR. 310-15). For example, as noted, Dr. Heilbrunn opined that plaintiff could "sit for at least 20 minutes interrupted, as in the examination, and has

a maximum sitting capacity of four out of eight hours" (AR. 314). Dr. Heilbrunn also opined that plaintiff "could be expected to stand or walk for 10 to 15 minutes uninterrupted, as in the examination room/clinic and has a maximum standing/walking capacity of 3-4 out of 8 hours, with a limitation justified by lumbar right radiculopathy and bilateral knee osteoarthritis" (AR. 315).

The ALJ did not credit fully the opinion of Dr. Heilbrunn, although he gave it "some weight because the doctor examined the claimant and it is somewhat consistent with the doctor's clinical findings" (AR. 567). However, the ALJ did not indicate how any aspect of Dr. Heilbrunn's opinion is not consistent with his clinical findings. Instead, in part, the ALJ found that "the balance of the medical evidence supports the limitations set forth in the above residual functional capacity ["RFC"], [noting] specifically, treatment providers generally found he had tenderness and decreased range of motion of the back and decreased sensation in the right lower extremity but otherwise had an unremarkable physical examinations" (*id*. (citations omitted)). First, the Court notes that the ALJ's indication that "the balance of the medical evidence" supports his RFC determination is not a specific and legitimate rationale for failing to credit fully any particular opinion. *See, e.g., Embrey v. Bowen*, 849 F.2d 418, 421 (9th 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct").

Furthermore, more importantly, the specific findings noted by the ALJ from treatment providers actually support Dr. Heilbrunn's medical opinion. As noted by the ALJ, "treatment providers generally found [that plaintiff] had tenderness and decreased range of motion of the back and decreased sensation in the right lower extremity but otherwise had unremarkable physical examinations" (AR. 567 (citations omitted)). The Court concludes that the ALJ's recitation of objective findings from treatment providers that support the opinion of Dr. Heilbrunn does not support the ALJ's determination not to credit fully his opinions.

The ALJ also indicated that he was not crediting fully the opinion of examining doctor, Dr. Heilbrunn, because of his finding that the "State agency analysis of this consultative exam is supported, specifically the finding that there were no manipulative limits required based on exam" (AR. 567-68 (citation and footnote omitted)). First, the indication that one aspect of Dr. Heilbrunn's opinion may have been contradicted by the opinion of non-examining State agency consultants is not a legitimate reason to reject opinions from Dr. Heilbrunn, and simply sets the standard which must be met by the ALJ in order to reject the opinions from Dr. Heilbrunn, that is, specific and legitimate reasons based on substantial evidence in the record as a whole. *See Lester*, 81 F.3d at 830-31 (citing *Andrews*, 53 F.3d at 1043; *Murray*, 722 F.2d at 502) (When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record"). In addition, an examining physician's opinion generally is "entitled to greater weight than the opinion of a nonexamining physician."

*Lester, supra*, 81 F.3d at 830 (citations omitted); *see also* 20 C.F.R. § 404.1527(c)(1)("Generally, we give more weight to the opinion of a source who has examined you than to the opinion of a source who has not examined you"). Therefore, the ALJ's finding that the State agency medical consultants' opinions regarding manipulative limitations is supported is not a specific and legitimate reason supported by substantial evidence in the record to reject Dr. Heilbrunn's opinions regarding sitting and standing limitations.

The ALJ also failed to credit fully the opinions from Dr. Heilbrunn in part by indicating that some of the findings in the treatment record "undermine the claimant's credibility with his reports of pain and limits" (AR. 568). However, the ALJ does not explain why even if this were true that it would entail a legitimate reason for failing to credit fully Dr. Heilbrunn's opinions based on examination.

Finally, the ALJ indicated that even "assuming some of those limits found by this doctor were credible, the vocational expert noted that there were still jobs that the claimant can perform in the national economy" (*id*. (citation omitted)). However, as the vocational expert indicated that the limitations that were not adopted by the ALJ would preclude work, such as the sit/stand limitations, the fact that accommodating other of the limitations would allow plaintiff to work is not a legitimate reason for failing to credit the limitations regarding sitting and standing.

Therefore, for the reasons stated and based on the record as a whole, the Court concludes that the ALJ's reasons for failing to credit fully the medical opinions of examining doctor, Dr. Heilbrunn, do not constitute specific and legitimate rationale

supported by substantial evidence in the record. The Court also concludes that this error is not harmless.

The Ninth Circuit has "recognized that harmless error principles apply in the Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting cases)). Recently the Ninth Circuit reaffirmed the explanation in *Stout* that "ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) (citing *Stout,* 454 F.3d at 1055-56). The court further indicated that "the more serious the ALJ's error, the more difficult it should be to show the error was harmless." *Id.* at 792 F.3d 1170 (citing *Stout,* 454 F.3d at 1056; *Bowen v. Comm'r of Soc. Sec.,* 478 F.3d 742, 750 (6th Cir. 2007)).

Here, the ALJ failed to credit fully the opinion that plaintiff could sit for at least 20 minutes uninterrupted and for a maximum of four out of eight hours and stand or walk for 10 to 15 minutes uninterrupted and for maximum of 3 to 4 out of eight hours (AR. 314-15). The vocational expert ("VE") testified that in his opinion, "the person needs to be able to remain in one position either sitting or standing for a half an hour at a time in order to be productive" (AR. 623). The VE further testified that workers "just simply, they can't be getting up and down with the amount of frequency that was described" (*id.*). What had been described by the ALJ in the relevant hypothetical was sitting "for 20

minutes [un]interrupted, [] a maximum sitting capacity of four out of eight hours [and] could stand/walk for 10 to, make it 15 minutes at a time uninterrupted and has a maximum stand/walking capacity of four out of eight hours" (AR. 622).

Because the Court cannot conclude with confidence that no reasonable ALJ when crediting fully the opinion of Dr. Heilbrunn could have reached a different disability determination, the ALJ's error in evaluating this opinion is not harmless error. *See Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56). In fact, it is clear that if his opinions are credited fully, plaintiff could not be adequately "productive" in order to sustain gainful employment and would be found disabled (*see* AR. 623).

(2) **Whether or not this case should be remanded for payment of benefits, rather than for further administrative proceedings**.

Plaintiff contends that the Administration twice has considered this matter and twice has failed to provide adequate rationale for failing to credit fully Dr. Heilbrunn's opinions and that this matter should be remanded with a direction to award benefits. The applications being considered herein were filed in March, 2010 (*see* AR. 556). Defendant's only argument in response, other than that she disagrees with the Ninth Circuit's decisions regarding the "credit-as-true" doctrine, appears to be that serious doubts remain as to if plaintiff is disabled because the ALJ offered valid reasons to discredit plaintiff's subjective allegations and that this provides an additional reason for discrediting the medical opinion of Dr. Heilbrunn (*see* Dkt. 13, pp. 14-15). However, the ALJ did not indicate that he was failing to credit fully the opinion from Dr. Heilbrunn on the basis that it was heavily based on plaintiff's subjective complaints and according to

the Ninth Circuit, "[l]ong-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and actual findings offered by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v. Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*, 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not actually relied on by the agency") (citing *Chenery Corp, supra*, 332 U.S. at 196).

In addition, even if the ALJ had offered this reason of not crediting fully plaintiff's subjective statements and for failing to credit fully the medical opinions of Dr. Heilbrunn, any such finding would not be supported by substantial evidence in the record as a whole, as there is no evidence that Dr. Heilbrunn relied heavily on plaintiff's subjective statements. In fact, to the contrary, Dr. Heilbrunn repeatedly indicated that his opinions were based on "the examination" (*see* AR. 314-15). For example, Dr. Heilbrunn indicated his opinion that plaintiff "was able to lift/carry, as measured in the examination, a maximum of 10 pounds on the right and 20 pounds on the left" (AR. 315). He also indicated his opinion regarding plaintiff's ability "to stand or walk for 10-15 minutes uninterrupted, as in the examination room/clinic . . . ." (*id*.). Therefore, the Court is not persuaded by defendant's argument that any alleged support for the ALJ's failure to credit fully plaintiff's statements and testimony is a valid reason not to credit fully Dr. Heilbrunn's opinion or presents an outstanding issue that must be resolved before a determination of disability can be made. Even if there were support for the ALJ's

findings regarding plaintiff's statements, a determination of disability can be made without any crediting of plaintiff's statements, based solely on the objective medical evidence. Therefore, for these reasons and based on the record as a whole, the Court concludes that defendant's argument does not provide a basis for remand of this matter for further administrative proceedings as opposed to a remand with a direction to award benefits. In addition, as discussed further below, this case is one of the rare circumstances in which a remand with a direction to award benefits is appropriate.

Generally, when the Social Security Administration does not determine a claimant's application properly, "'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit has put forth a "test for determining when [improperly rejected] evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (quoting *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996)).

It is appropriate when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Harman, supra,* 211 F.3d at 1178 (quoting *Smolen*, *supra*, 80 F.3d at 1292).

At the first step, the Court already has concluded that the ALJ failed to provide legally sufficient reasons for rejecting the opinions of Dr. Heilbrunn, *see supra*, section 1. As will be discussed further below, regarding the second step, the Court concludes that

no outstanding issues need to be resolved before a determination regarding disability can be made.

The final step is to determine whether or not "if the improperly discredited evidence [was] credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014) (citing *Ryan v. Comm'r of Soc. Sec.,* 528 F.3d 1194, 1202 (9th Cir. 2008); *Lingenfelter v. Astrue*, 504 F.3d 1028, 1041 (9th Cir. 2007); *Orn v. Astrue,* 495 F.3d 625, 640 (9th Cir. 2007)*; Benecke, supra,* 379 F.3d at 595; *Smolen*, *supra*, 80 F.3d at 1292)). The court noted that at this final "stage of the credit-as-true analysis, we do not consider arguments against crediting evidence that the ALJ did not make." *Id.* at 1022 n.29. The Court already has noted during the harmless error analysis that the VE's testimony establishes that if the opinions regarding sitting and standing/walking limitations from Dr. Heilbrunn are adopted, plaintiff would be precluded from productive work and would be found disabled, *see supra*, section 1 (*see also* AR. 623). Therefore, all that remains is the second step as to whether there are outstanding issues that must be resolved before a determination of disability can be made.

When confronted with a similar issue, the *Garrison* Court found that "the district court abused its discretion by remanding for further proceedings where the credit-as-true rule is satisfied and the record afforded no reason to believe that [the claimant] is not, in fact, disabled." *Garrison*, 759 F.3d at 1021 (footnote omitted). The court noted that

simply providing an ALJ with another opportunity to reject evidence is not proper, and concluded as follows:

> Although the Commissioner argues that further proceedings would serve the "useful purpose" of allowing the ALJ to revisit the medical opinions and testimony that she rejected for legally insufficient reasons, our precedent and the objectives of the credit-as-true rule foreclose the argument that a remand for the purpose of allowing the ALJ to have a mulligan qualifies as a remand for a "useful purpose" under the [second] part of the credit-as-true analysis. (Citations to *Benecke*, 379 F.3d at 595 ("Allowing the Commissioner to decide the issue again would create an unfair 'heads we win; tails, let's play again' system of disability benefits adjudication."); *Moisa v. Barnhart*, 367 F.3d 882, 887 (9th Cir. 2004) ("The Commissioner, having lost this appeal, should not have another opportunity to show that Moisa is not credible any more than Moisa, had he lost, should have an opportunity for remand and further proceedings to establish his credibility." (citation omitted))).

*Id.* at 1021-22.

Here, regarding step two, the Court concludes that there are no outstanding issues that must be resolved before a determination of disability can be made and that no useful purpose would be served by providing a third opportunity for an ALJ to come up with a reason to fail to credit fully the medical opinions of examining doctor, Dr. Heilbrunn. *See id.* As noted by plaintiff, this matter has been pending for over six years and the Administration has had two opportunities already to provide a specific and legitimate reason for any failure to credit fully this opinion and has not done so. In addition, also as noted by plaintiff, the Appeals Council specifically pointed out the discussed limitations and opinion from Dr. Heilbrunn when sending this matter to a new ALJ following stipulated remand from this Court in March, 2014 (*see* Dkt. 12, p. 4 (quoting AR. 684)).

In addition, Dr. Heilbrunn's opinions regarding sitting and standing limitations are supported by his examination. For example, Dr. Heilbrunn noted that plaintiff had a lumbar midline vertical surgical scar, and had "tenderness in the lower part of the scar area with pain radiating to the posterior right buttock and right hip . . . ." (AR. 313). Dr. Heilbrunn noted that straight "leg raising from a sedentary position is 45 degrees on the right and 80 degrees on the left; from a supine position is 20 degrees on the right and 25 degrees on the left" (*id.*). Dr. Heilbrunn observed that plaintiff's lower extremity strength was four out of five on the right and that plaintiff suffered from decreased "sensation in the lateral aspect of the right thigh, corresponding to the L2 dermatome" (*id.*). Dr. Heilbrunn observed multiple range of motion findings supporting his opinion, including plaintiff's "markedly decreased lumbar range of motion, which limits [plaintiff's] sitting, standing, and walking abilities" (AR. 314). Dr. Heilbrunn also indicated that his standing/walking limitation also was justified by plaintiff's bilateral knee osteoarthritis, which the ALJ found to be a severe impairment (*see* AR. 559).

For the reasons stated and based on the record as a whole, the Court concludes that Dr. Heilbrunn's opinion should be "credited-as-true." *See Garrison*, 759 F.3d at 1021-22. As noted already, the VE testimony demonstrates that the limitations in Dr. Heilbrunn's opinions alone require that plaintiff be found disabled. Therefore, the Court need not evaluate further the ALJ's failure to credit fully plaintiff's allegations and testimony.

Therefore, based on the record as a whole, the Court concludes that the "credit-as-true" doctrine should be applied and benefits should be awarded following remand of this matter. The Court notes that plaintiff's alleged date of disability onset for the relevant

applications is March 19, 2010 (*see* AR. 310, 556). However, it appears that Dr. Heilbrunn's opinions, from June 10, 2010, approximately three months later, provide the earliest objective and opinion evidence demonstrating disability. The Court also notes plaintiff's indication that based on a subsequent application, plaintiff has been determined by the Social Security Administration to be disabled as of November 26, 2015, due to degenerative disc disease in his lumbar spine (*see* Dkt. 14, p. 7(citing exhibit A to reply brief)). Therefore, following remand of this matter, plaintiff should be found disabled from June 10, 2010, through November 26, 2015.

(3) **Whether or not the ALJ's Step 3 denial was correct and whether or not the ALJ erred by failing to credit fully plaintiff's allegations and testimony**.

As the Court already has determined that the ALJ erred by failing to credit fully Dr. Heilbrunn's opinions, and that this failure, along with the record as a whole, requires that this matter be reversed and remanded with a direction to award benefits, this step three issue and the crediting of plaintiff's allegations and testimony need not be discussed.

CONCLUSION

Based on these reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner. Following remand of this matter, plaintiff should be awarded benefits as he has demonstrated that he has been disabled since June 10, 2010.

1  **JUDGMENT** should be for plaintiff and the case should be closed.

2  Dated this 17th day of October, 2016.

*[signature]*

J. Richard Creatura
United States Magistrate Judge