UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN RUSH,

                Plaintiff,

    v.

NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration,

                Defendant.

CASE NO. 12-cv-05415 JRC

ORDER GRANTING MOTION FOR ATTORNEY'S FEES PURSUANT TO 42 U.S.C. § 406(b)

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter is before the Court on plaintiff's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b) (*see* Dkt. 17). Defendant has no objection to plaintiff's request (*see* Dkt. 20).

The Court may allow a reasonable fee for an attorney who represented a Social Security Title II claimant before the Court and obtained a favorable judgment, as long as such fee is not in excess of 25 percent of the total of past-due benefits. *See* 42 U.S.C. § 406(b)(1); *Grisbrecht v.*

*Barnhart*, 535 U.S. 789 (2002). When a contingency agreement applies, the Court will look first to such agreement and will conduct an independent review to assure the reasonableness of the fee requested, taking into consideration the character of the representation and results achieved. *See Grisbrecht, supra*, 535 U.S. at 807, 808 (footnote omitted) (citations omitted). Although the fee agreement is the primary means for determining the fee, the Court will adjust the fee downward if substandard representation was provided, if the attorney caused excessive delay, or if a windfall would result from the requested fee. *See Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009) (*citing Grisbrecht, supra*, 535 U.S. at 808).

Here, the representation was standard, at least, and the results achieved excellent (*see* Dkt. 18, Attachments 1, 2). *See Grisbrecht, supra*, 535 U.S. at 808. In the first action before this Court (3:13-cv-05725-JRC), defendant stipulated to remand the matter subsequent to plaintiff's filing of his Opening Brief and the Administrative Law Judge issued an unfavorable decision in June, 2015. Dkt. 18, pp. 1-2. Plaintiff filed an appeal of the decision in this Court (3:16-cv-05247 JRC) and following full briefing, said appeal resulted in a reversal for payments of benefits with an established onset of disability date of June 10, 2010. *Id*. at 2; *see also* Dkt. 15. There has not been excessive delay and no windfall will result from the requested fee.

Plaintiff's total back payment was $107,823.40 (*see* Dkt. 18-1, p. 3) and $26,956, or 25% of that amount, was withheld for possible payment of attorney's fees. *See id.,* p. 8. Plaintiff has moved for a net attorney's fee of $20,956 (*see id.*, p. 3; *see also* Motion for Fees, Dkt. 17, p. 1), and the Court has considered plaintiff's gross § 406(b) attorney's fee of $26,956; and the $6,000 attorney's fee requested from the Social Security Administration for § 406(a) administrative work. *See* Dkt. 18, pp. 2-3.

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 2

1    Based on plaintiff's motion and supporting documents (*see* Dkts. 17, 18, 18-1, 18-2, 18-
2  3, 18-4, and with no objection from defendant (Dkt. 20), it is hereby ORDERED that attorney's
3  fees in the amount of $20,956 be awarded to plaintiff's attorney pursuant to 42 U.S.C. § 406(b).
4    Dated this 17th day of May, 2017.

_____
J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING MOTION FOR
ATTORNEY'S FEES PURSUANT TO 42 U.S.C. §
406(B) - 3